UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CHARLES WEBB,

        Plaintiff,                    Case No. 2:19-cv-110

v.                                          Honorable Paul L. Maloney

CHRISTOPHER GOLLADAY,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

    **I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. The events about which he complains, however, occurred at the Chippewa Correctional Facility (URF)

in Kincheloe, Chippewa County, Michigan. Plaintiff sues Defendant Corrections Officer Christopher Golladay.

Plaintiff states that he suffers from an enlarged prostate. Plaintiff alleges that on July 11, 2017, he had to use the bathroom and that his need was urgent because of his medical condition. Plaintiff explained his medical condition to Defendant, told him that he was about to urinate on himself, and asked to use the bathroom. Plaintiff also showed Defendant his medication. Defendant refused to allow Plaintiff to use the bathroom, causing Plaintiff to urinate on himself. Plaintiff asserts that corrections officers such as Defendant have discretion to allow prisoner movement during count in order to use the bathroom for medical reasons. Plaintiff filed a grievance on Defendant.

On July 31, 2017, Plaintiff was hired as a unit porter. When Defendant gave Plaintiff his work detail, he commented that Plaintiff would not be working long because of his bathroom issues. On August 13, 2017, Defendant fired Plaintiff from his job. The reason given for the job termination was that Plaintiff had refused to clean the showers because they smelled like "piss." Plaintiff states that this was untrue, and that Plaintiff had merely requested proper cleaning materials to address the smell in the showers. Plaintiff states that he had been given disinfectant for the showers, but that procedure dictated that the showers first be cleaned with MSI cream cleanser. Plaintiff was never given the MSI [Michigan State Industries] cream cleanser. When Plaintiff attempted to explain this to Defendant, he was told to take off his gloves and was immediately fired. Plaintiff was labeled as unemployable and was confined to his cell for 30 days.

Plaintiff claims that Defendant's denial of bathroom usage on July 11, 2017, constituted deliberate indifferece to a serious medical need in violation of the Eighth Amendment.

2

Plaintiff also states that Defendant's conduct in firing him was motivated by a desire to retaliate against him for his use of the grievance system in violation of the First Amendment.

Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendant's denial of his request to use the bathroom on July 11, 2017, constituted deliberate indifference. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted

4

with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

The Court notes that the one-time denial of Plaintiff's request to use the toilet is insufficient, by itself, to state a claim under the Eighth Amendment. *See Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir. 1999) (stating that "deprivations of fresh water and access to the toilet for a 20-hour period, while harsh, were not cruel and unusual punishment") (citing *Stephens v. Carter County Jail*, 816 F.2d 682 (6th Cir. 1987)). In addition, the Sixth Circuit granted qualified immunity in *McNeal v. Knott*, 590 F. App'x. 566 (6th Cir. 2014), where a prisoner complained that he was denied use of the restroom during daily prison count on some occasions. In that case, the plaintiff alleged that he needed to use the restroom three times per hour due to an enlarged prostate. The plaintiff was offered incontinence pads but refused them. The Sixth Circuit found that neither "controlling authority" nor "a robust consensus of cases of persuasive authority impose liability on prison officials who denied bathroom privileges to inmates under similar conditions." *Id.* at 569. Furthermore, in *Simpson v. Overton*, 79 F. App'x 117, 119-20 (6th Cir. 2003), the Sixth Circuit granted qualified immunity to prison officials who allegedly forced an inmate on several occasions to urinate on himself, despite his enlarged prostate condition which required him to urinate three or four times per hour, because no conceivable facts could establish that the defendants acted with deliberate indifference to Plaintiff's medical needs. The Plaintiff in *Simpson* had rejected the use of a "urinal bottle."

As noted above, Plaintiff in this case only alleges one instance in which his request to immediately use the restroom facility was denied and he was forced to urinate on himself.

5

Accordingly, the Court concludes that Plaintiff's Eighth Amendment claim regarding the denial of bathroom access on one occasion is properly dismissed.

Plaintiff also claims that Defendant retaliated against him for filing a grievance regarding the denial of bathroom privileges by firing him from his job. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Therefore, Plaintiff was engaged in protected conduct. The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original). The loss of a prison job is sufficiently adverse to deter a person of ordinary firmness from engaging in the protected conduct. *See Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009) (threat to have a prisoner moved out of the unit so that he would lose his job, along with the threat to influence the warden to have the

6

prisoner transferred to another institution far from family, was sufficiently adverse to be actionable). Therefore, Plaintiff has met the first two prongs of a retaliation claim.

However, Plaintiff has failed to allege facts showing that the adverse action was motivated, at least in part, by the protected conduct. In this case, Plaintiff states that Defendant told him that he would not last long on the job because of his bathroom issues. This statement appears to reflect a concern that Plaintiff would not be able to complete his work because of his need to go to the bathroom frequently in order to avoid urinating on himself. Plaintiff was later fired for refusing to clean the showers. Plaintiff concedes that he did not clean the showers when told to do so, but states that it was because he did not have the correct cleanser. Plaintiff states that when he asked for the MSI cream cleanser, he was fired. The Court concludes that Plaintiff's assertion that he was fired in retaliation for filing a grievance is conclusory and unsupported by the facts alleged in his complaint. Therefore, Plaintiff's retaliation claim is properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding in forma pauperis, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   July 25, 2019                             /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge